UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 15-41-HRW

SUSAN E. THOMPSON,                                          PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

AK STEEL CORPORATION
and
JOSEPH CHARLES,                                            DEFENDANT.

This matter is before the Court upon Joseph Charles' Motion to Dismiss [Docket No. 3]

AK Steel Corporation's Motion to Dismiss [Docket No. 4]. The motions have been fully briefed

by the parties [Docket Nos. 5, 6 and 7]. For the reasons set forth herein, the Court finds that the

Complaint fails to state a claim upon which relief can be granted and, as such, this matter will be

dismissed.

## I.

This action arises from the termination of Plaintiff Susan Thompson's employment with

AK Steel Corporation ("AK Steel") in June 2013. Specifically, she alleges that she was

suspended in May, 2014, "pending investigation," for shutting off a water valve pump "that had

not been used in years." [Complaint ¶ 10]. Plaintiff states that she was then terminated in June

2013 for poor work performance. [Complaint ¶ 13]. She claims that Joseph Charles, an AK Steel

supervisor, and Jeremy Smith, another manager, "did not want Plaintiff in that position and had

indicated so in front of another AK Steel employee." [Complaint ¶ 11]. Plaintiff alleges that the

company had written her up previously on "a few occasions," that Charles "targeted" her

employment, and that Defendants' reason for termination "was a mere pretext for their disparate treatment of Plaintiff. [Complaint ¶¶ 14-15]. She asserts that Charles "sought to remove her based on her gender from the position." [Complaint ¶ 16]. Based on these allegations, Plaintiff asserts a claim for gender discrimination under Kentucky's Civil Rights Act, KRS Chapter 344 (the "KCRA"). The Complaint also contains a reference to intentional infliction of emotional distress in the "Wherefore" clause.

Defendants AK Steel and Charles seek dismissal of all claims pursuant to Fed.R.Civ.Proc. 12(b)(6). They argue that the Complaint does not assert factual allegatrions amounting to a claim of gender discrimination or intentional infliction of emotional distress against either Defendant. The Court agrees.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer

2

> more than the mere possibility of misconduct, the complaint has
> alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith,* 509 Fed.Appx. at 439.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). As the Sixth Circuit stated in *Bishop:*

> [c]onclusory allegations or legal conclusions masquerading as factual
> allegations will not suffice. Even under Rule 12(b)(6), a complaint
> containing a statement of facts that merely creates a *suspicion* of a
> legally cognizable right of action is insufficient. (internal citations
> omitted) The factual allegations must be enough to raise a right to
> relief above the speculative level; they must state a claim to relief that
> is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original).  "At the very least, trial and appellate courts should not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss,* 161 Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.")

3

**III.**

**A.      The Complaint fails to state a claim upon which relief can be granted as to Joseph Charles.**

In her response to the Defendants' dispositive motions, Plaintiff concedes that she cannot maintain a claim of discrimination against Charles.  She contends, however, that dismissal of the intentional infliction of emotional distress claim against him would be "premature" as no discovery has been conducted.

It would be appear that Plaintiff misconstrues the nature of Rule 12(b)(6).  The Rule contemplates a pre-discovery examination of the specific allegations in the Complaint and allows a defendant to test whether a plaintiff is entitled to relief if everything alleged in the complaint is accepted as true, not whether Plaintiff has garnered enough evidence to present a *prima facie* case.

To prove intentional infliction of emotional distress a plaintiff must demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 4 (Ky. 1990). Conduct must be extremely egregious to support the claim. It is not enough "that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Humana of Kentucky, Inc. v. Seitz,* 796 S.W.2d at 4.  If conduct is not extremely egregious, the claim must be

4

dismissed as a matter of law.

Plaintiff has not alleged any specific facts to support a claim for intentional infliction of emotional distress. There are no allegations of any specific conduct by Charles or any other defendant that could be construed as "outrageous" under Kentucky's high standard. Plaintiff's only allegations specific to Charles are that he did not want her in her position, that he "targeted" her, and that he made a statement that "the war is on." [Complaint ¶¶ 11, 15]. There is no element of outrageousness in any of these allegations.

Moreover, the Complaint does not include a specific count or explicit assertion of intentional infliction of emotional distress. Rather, there is a passing reference to the tort in "Wherefore" clause of the Complaint. This type of vague yet all encompassing assertion does not pass Rule 12(b)(6) muster.

As intentional infliction of emotion distress is the only claim Plaintiff asserts against Charles, she has failed to state a claim for relief against him.

**B.    The Complaint fails to state a claim upon which relief can be granted as to AK Steel.**

In her response to the Defendants' dispositive motions, Plaintiff concedes that her only claim against AK Steel is that of gender discrimination.

In Count I, Plaintiff alleges gender discrimination under the KCRA, which prohibits an employer from discharging an individual because of the individual's gender. KRS 344.040. The KCRA mirrors Title VII of the Civil Rights Act of 1964 and is interpreted consistently with federal law. *Smith v. Leggett Wire Co.,* 220 F.3d 752, 758 (6th Cir. 2000); *McBrearty v. Kentucky Community and Technical College System*, 262 S.W.3d 205, 214 (Ky. App. 2008). To succeed on a gender discrimination claim, a plaintiff must prove that she would not have been

5

terminated "but for" her gender. *Simon v. City of Youngstown*, 73 F.3d 68, 70 (6th Cir. 1996).

Plaintiff's Complaint does not allege facts that create a reasonable inference of gender discrimination. Plaintiff alleges that she was suspended, pending investigation, for shutting off a water valve pump that had not been used in years, and that she was later terminated for poor work performance. [Complaint ¶¶ 10, 13]. She believes that Charles and another manager did not want her in that position and that Charles "targeted" her and made a statement that "the war is on." [Complaint ¶ 15]. Plaintiff admits that the company had written her up previously on "a few occasions," but that Defendants' reason for termination "was a mere pretext for their disparate treatment of Plaintiff." [Complaint ¶¶ 14-15]. She fails, however, to identify or describe the nature of this "disparate" treatment or offer any factual allegations to explain why her managers did not want her in the position, targeted her, or why she was terminated. Indeed, Plaintiff does not allege that her discipline was unwarranted or unjustified. Construing all of these allegations liberally in favor of Plaintiff does not create any inference of gender discrimination.

The are only two instances in the Complaint that gender discrimination is mentioned: In paragraph 16, Plaintiff alleges, that "Charles sought to remove her based upon her gender from the position." [Complaint ¶ 16]. In paragraph 20, she alleges that Charles, "through his conduct and actions in his capacity as Shipping Foreman . . . constituted gender discrimination thereby intentionally and maliciously violating Kentucky law as set forth in KRS 344, *et seq."* [Complaint ¶ 20]. These allegations are unsupported by any pleading of fact. To quote *Bishop*, a "legal conclusion masquerading as a factual allegation" will not suffice.

## IV.

The complaint fails to satisfy all three elements of the *Twombly* test. The complaint fails to satisfy the first prong of the *Twombly* test because it does not contain any facts which state a claim to relief that is plausible on its face. The complaint is barren of any "facts" to support the claim of gender discrimination or intentional infliction of emotional distress.  Under the second prong of the *Twombly* test, the complaint does not contain a recitation of the elements of a cause of action. Indeed, the complaint does not even contain a "formulaic recitation" of the elements of a cause of action. The complaint also fails the third prong of the *Twombly* test because it does not suggest a right to relief that rises above speculation. The complaint merely asserts that Defendants' conduct constituted gender discrimination and the Court is left to speculate as to what that conclusory allegation means.

Accordingly, **IT IS HEREBY ORDERED** Joseph Charles' Motion to Dismiss [Docket No. 3] AK Steel Corporation's Motion to Dismiss [Docket No. 4] be **SUSTAINED** and this matter be **DISMISSED WITH PREJUDICE**.

This 30th day of November, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**